■ BARBARA METZLER, Appellant, v AMERICAN EXPRESS COMPANY, Respondent.—Order, Supreme Court, New York County, entered January 18, 1979, granting defendant's motion for summary judgment dismissing the complaint is unanimously modified, on the law, to the extent of awarding it only partial summary judgment as herein indicated, denying summary judgment as to $1,500, and awarding plaintiff interest on the sum of $1,500 for travelers checks recovered and withheld by the defendant, and, as so modified, the order is affirmed, without costs and disbursements. Plaintiff was the victim of a confidence game in the course of which she purchased $18,000 worth of travelers checks from the defendant. Prior to such purchase defendant's agent had warned her about the possibility of fraud or trickery which might be practiced upon her. One of the conditions printed on the purchase form and which appellant was aware of, stated that the defendant would not refund or replace checks voluntarily parted with in connection with a "confidence game or other illegal transaction". She turned the travelers checks over to two women and never saw them or the checks again. She reported the "loss" the next day to the defendant. The defendant paid $14,000 to third-party holders and returned $4,000 to the appellant. The plaintiff is bound by the written conditions on defendant's purchase forms. However, the plaintiff raises a factual issue as to $1,500 worth of checks repurchased from Barclays Bank and the Caguas Federal Savings & Loan Association of Puerto Rico. There is a letter in the record, written by the defendant to Barclays, dated June 10, 1975, indicating that although defendant believed the countersignature to be a forgery, it would nevertheless repurchase the checks. The letter states: "The subject Travelers Cheques were reported lost or stolen by the original purchaser and, after careful re-examination, we continue to feel that the signature (upper left) and the counter-signature (lower left) are noticeably different. However, we will make an exception in this case and repurchase these Cheques. Enclosed is our Voucher Check in the amount of $1,000.00." The letter further states: "Since we cannot continue to accept lost or stolen Travelers Cheques bearing signatures that are not the same". In addition, there is an internal report (referred to by defendant as "Marketing Repurchase Request") dated April 21, 1975, which indicates that, if they repurchased the Caguas checks, future sales would increase while, if they rejected same, sales would decrease. As to these checks, summary judgment should not have been granted. Sometime during the appellate process, defendant turned over to plaintiff $1,500 which it had been holding for approximately four years.

Plaintiff is entitled to interest on this amount. The record is silent as to the date or dates from which interest should run on the sum above mentioned and, accordingly, the parties are directed to settle an order hereon indicating such date or dates. Settle order. Concur—Fein, J. P., Bloom, Markewich, Silverman and Ross, JJ.